Rickey ALEXANDER, Petitioner—
Appellant,

v.

Anthony NEWLAND, Respondent—
Appellee.

No. 05–16222.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2006.*

Decided June 19, 2006.

Nina Wilder, Esq., Weinberg & Wilder, San Francisco, CA, for Petitioner–Appellant.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This disposition is not appropriate for publication and may not be cited to or by the courts or circuit except as provided by Ninth Circuit Rule 36–3.

Pamela K. Critchfield, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: KLEINFELD, PAEZ, and BERZON, Circuit Judges.

### MEMORANDUM **

California state prisoner Rickey Alexander appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition, through which Alexander challenged his conviction for first-degree burglary, first-degree robbery, and assault with force likely to cause great bodily injury. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Alexander contends that his trial counsel was ineffective for (1) failing to object to hearsay; and (2) failing to investigate. These contentions fail because Alexander is unable to show deficient conduct on the part of his trial counsel. *See Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Crawford v. Washington,* 541 U.S. 36, 53 n. 4, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); *Hamilton v. Vasquez,* 17 F.3d 1149, 1157 (9th Cir.1994) (rejecting ineffective assistance of counsel claim because petitioner failed to "show[ ] that any additional investigation of this issue would have led to a more credible argument than that made at trial").

Alexander next contends that his appellate counsel was ineffective for (1) failing to challenge the trial court's denial of his motion to substitute counsel under *People v. Marsden,* 2 Cal.3d 118, 84 Cal.Rptr. 156,

465 P.2d 44 (1970); and (2) failing to raise a claim of ineffective assistance of trial counsel. Here, the trial court did hold a *Marsden* hearing and Alexander's contention that the court accorded too little weight to his complaints is not supported by the record. Moreover, Alexander has failed to demonstrate a reasonable probability that he would have prevailed on this issue had it been raised on appeal. *See Avila v. Galaza,* 297 F.3d 911, 921 (9th Cir.2002). Further, because we conclude that Alexander's trial counsel was not ineffective, it follows that his appellate counsel was not ineffective for failing to raise an ineffective assistance of trial counsel claim in Alexander's direct appeal.

Finally, Alexander argues that the prosecution committed misconduct in presenting the testimony of two officers regarding their observations of Alexander during the robbery offense. Alexander has not established that the officers' testimonial inconsistencies constitute perjury or that the prosecution was aware of any perjurious statement. *See Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). Moreover, Alexander cannot establish that he was prejudiced by the two officers' testimony given that (1) his trial counsel effectively cross-examined them on the purported inconsistencies; and (2) four other officers testified to Alexander's movements during the robbery, including seeing him with the victim's purse when he exited the building. *See Bains v. Cambra,* 204 F.3d 964, 977 (9th Cir.2000) (noting that petitioner must show both prosecutorial misconduct and prejudice).

**AFFIRMED.**

---

** This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).